## AGOSTINO GERMANO
### vs.
## BENJAMIN ONORFRIO

Superior Court      New Haven County      File #49258

Present:  Hon. CARL FOSTER, Judge.

James P. Doherty,            Attorney for the Plaintiff.

Pond, Morgan & Morse,      Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 27, 1936.

FOSTER, J. On November 20th, 1935, at about 10:30 o'clock A.M., the plaintiff was riding as a passenger in an automobile owned and operated by the defendant in a westerly direction on Putnam Avenue in the town of Hamden. At one point this avenue curves to the right. Some little distance beyond the end of the curve one Pycone was operating a motor vehicle. The defendant passed to the left of the motor vehicle driven by Pycone and immediately that he had passed it, his automobile travelled in a curve directly across the path and in front of Pycone's motor vehicle and went up on the bank on the right side of the highway and turned over on its side. By reason of the automobile so being turned over, the plaintiff received injuries for which he here seeks to recover.

The plaintiff claims and there is evidence to prove that he and the defendant were at the time of the accident engaged in a joint enterprise and that, by reason of such situation, his burden was to prove simply that his injuries were proximately caused by simple negligence of the defendant without contributory negligence on his part.

In a second count of his complaint he claims the defendant was guilty of heedlessness and reckless disregard of the rights of others and there is evidence in proof of such conduct of the defendant.

The testimony of the plaintiff taken alone might be considered as proof of heedlessness and reckless disregard of the rights of others on the part of the defendant. None of the other witnesses for either the plaintiff or the defendant corroborate the testimony of the plaintiff to such an extent as to warrant such a finding. The plaintiff testifies that the defendant was traveling at a very high rate of speed and that he had been warned by the plaintiff to reduce his speed and that he lost control of his automobile by reason of his speed in attempting to pass the motor vehicle operated by Pycone. All these facts the defendant denies and they are not corroborated by other facts proven. No witnesses have been produced, other than the plaintiff, supporting the contention that the defendant was operating his automobile at a reckless rate of speed.

The motor vehicle of Pycone was moving slowly—so slowly that the defendant was justified in travelling sufficiently fast to pass it. The defendant did not pass Pycone on the curve, but passed him some distance after he had straightened out on completing the curve. After the accident it was discovered that a tire on the defendant's automobile was flat. The defendant immediately after the accident told the policeman that just before he turned in front of Pycone's motor vehicle he had difficulty in steering his automobile. From the testimony of all of the witnesses it appears that just as the defendant was passing the motor vehicle of Pycone, one of his tires became flat, causing him momentarily to lose the steering control of his automobile, causing the automobile to swing around in front of Pycone's automobile and up the right bank of the highway and overturn.

Upon this state of facts, the conduct of the defendant did not amount to heedlessness and reckless disregard of the rights of others, nor did it amount to simple negligence.

It must be borne in mind throughout the case that the burden of proof rests upon the plaintiff and that, though his testimony taken by itself would support the allegations of his complaint, it cannot be said that he has proved the essential allegations of his complaint by a fair preponderance of evidence. The uncontroverted facts, as well as the testimony of other witnesses, contradict the testimony of the plaintiff.

Upon this state of the case it becomes unnecessary to decide the subsidiary fact as to whether or not the plaintiff and defendant were engaged in a joint enterprise. Judgment may be rendered in favor of the defendant against the plaintiff.